**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**THE STEVENS FAMILY
LIMITED PARTNERSHIP,**

   **Plaintiff,**

**v.**               **Case No. 3:08cv17/MCR/MD**

**PARADISE ISLAND VENTURES, LLP,**

   **Defendant**
_____/

**O R D E R**

   This action involves the consolidation of two cases, both arising out of a contractual relationship between the parties in connection with a proposed condominium development project. Pending are a motion for partial summary judgment filed by Stevens Family Limited Partnership ("Stevens") and a motion for summary judgment filed by Paradise Island Ventures ("Paradise") in one case brought by Stevens for breach of an option contract for the purchase of real property.[1] Both motions address the issue of Paradise's contractual obligation to reimburse Stevens for certain capital gains tax liability. Stevens argues the obligation is absolute, while Paradise argues it is contingent on an unsatisfied condition precedent. In addition, Paradise moves for summary judgment in the other case brought by Stevens for breach of twenty-five purchase contracts for condominium units, on the grounds that: (1) Paradise's nonperformance was non-willful, and thus Stevens' only available remedy is termination; (2) Stevens has not established damages; and (3)

---

[1] In the action for breach of the option contract, Stevens seeks damages and declaratory relief.

Case No: 3:08cv17/MCR

Paradise's specific performance of the contract is impossible.[2] For the reasons explained, the court GRANTS Stevens' motion for partial summary judgment, and DENIES Paradise's motions for summary judgment.

**Background**

Stevens is an Illinois limited partnership with its principal place of business in Chicago, Illinois. Paradise is a Florida limited liability partnership with its principal place of business in Fort Walton Beach, Florida. On or about October 13, 2003, Stevens and Paradise entered into a contract in which Stevens granted Paradise an option to purchase land in Escambia County, Florida, on which Paradise planned to develop several hundred condominium units.[3] Stevens and Paradise then entered into five addenda which obligated Paradise to reimburse Stevens for certain capital gains tax liability.[4] The fifth and final addendum provided that the tax reimbursement "will be paid to Stevens at that time of the first draw down on the construction loan."[5] Although Paradise acquired the property

---

[2] The parties anticipated that the condominiums which were the subject of the purchase contracts would be built on the real property which was the subject of the option contract. Because both actions present common questions of fact and law, the court, in its September 26, 2008 order, consolidated Stevens' action for breach of the twenty-five purchase contracts with Stevens' action for breach of the option contract. In the action for breach of the twenty-five purchase contracts, Stevens seeks specific performance or, in the alternative, damages.

[3] All of the contracts at issue in this case contain choice of law provisions identifying Florida law as the law applicable in the event of a dispute.

[4] The addenda also modified certain deadlines and procedures for closing, none of which are at issue here. The parties entered into the five addenda on or about September 1, 2004; October 6, 2004; October 28, 2004; November 9, 2004; and December 2, 2004. Beginning with the first addendum, the parties attempted to avoid the recognition of Stevens' capital gain from the sale of the land through an in kind exchange of property. *See* I.R.C. § 1031 (providing for the nonrecognition of gain from exchanges of investment property for other investment property of like kind). In the event that Paradise could not convey exchange property which would meet the requirements of § 1031, Paradise agreed to reimburse Stevens for its increased capital gains tax liability. Stevens asserts its increased tax liability was $1,976,973.60.

[5] Exhibit "F" to Plaintiff's Complaint ¶ 3 (doc. 1). According to the first addendum, the reimbursement was due the earlier of sixteen months from closing or upon final payoff of Paradise's construction loan. The second addendum did not involve the tax reimbursement. According to the third addendum, the reimbursement was due the earlier of twenty-four months from closing or upon final payoff of Paradise's construction loan. According to the fourth addendum, the reimbursement was due the earlier of the first draw down on the project loan or January 31, 2005. However, it is the fifth and final addendum that controls the parties' dispute in this case.

pursuant to the amended option contract, Paradise claims it has been unable to obtain a construction loan due to adverse economic conditions. Thus, the first draw down on the construction loan has not occurred.

Additionally, on December 18, 2004, Stevens and Paradise entered into twenty-five separate purchase contracts, each for a condominium unit that was to be built on the land Paradise acquired from Stevens. Paradise never built the condominium units or completed the sale of the units to Stevens, however. The purchase contracts provide that, should Paradise fail to close the transaction within twenty-four months of the contract date, Stevens "may pursue all remedies available under law, including specific performance; provided, however, that if [Paradise's] failure to close is not because of [Paradise's] willful non-performance, then [Stevens'] only remedy is to terminate the Contract."[6]

**Discussion**

A motion for summary judgment should be granted if there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir. 2007). The court must avoid weighing conflicting evidence or making credibility determinations, *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000), and must draw all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

Breach of the Option Contract for Purchase of Real Property

The sole issue before the court in the action for breach of the option contract is whether Paradise's obligation to pay a tax reimbursement to Stevens was absolute or, instead, subject to an unsatisfied condition precedent.[7] Paradise argues that its obligation to pay the tax reimbursement "at the time of the first draw down on the construction loan"

---

[6] Exhibits "A"-"Y" to Defendant's Statement of Material Facts, at 3-5 (doc. 72).

[7] The parties agree they entered into a valid contract, Paradise had a contractual obligation to reimburse Stevens for certain capital gains tax liability, Stevens did incur such capital gains tax liability, and Paradise has not reimbursed Stevens.

was conditioned on Paradise obtaining a construction loan, which has not occurred. Stevens argues that Florida law disfavors conditions precedent, and that "the time of the first draw down on the construction loan" was merely the parties' reference to the time for payment.

Under Florida law, the interpretation of unambiguous contract terms is a question of law.[8] *Bivens Gardens Bldg. v. Barnett Banks of Florida*, 140 F.3d 898, 905 (11th Cir. 1998). In interpreting a contract, the court will not construe provisions as conditions precedent unless required to do so by the express language of the contract or by necessary implication. *See Raban v. Federal Exp.*, 13 So. 3d 140, 144 (Fla. 1st. DCA 2009); *Covelli Family, L.P., v. ABG5, L.L.C.*, 977 So. 2d 749, 753 (Fla. 4th DCA 2008); *Gunderson v. School Dist. of Hillsborough*, 937 So. 2d 777, 779 (Fla. 1st DCA 2006); *In re Estate of Boyar*, 592 So. 2d 341, 343 (Fla. 4th DCA 1992) (citing 17A Am. Jur. 2d *Contracts* § 471 (1991)).[9] In this case, although the parties modified the due date for payment of the tax reimbursement repeatedly, nowhere in the contract or any modification is there language reflecting the parties' intent to modify or limit Paradise's obligation to pay. Furthermore, nothing in the contract or modifications to it necessarily implies such an intent.[10] Thus, pursuant to the parties' agreement, Paradise has an absolute obligation to

---

[8] The existence of ambiguity in a contract is a question of law for the court to decide. *Bivens Gardens Bldg. v. Barnett Banks of Florida*, 140 F.3d 898, 905 (11th Cir. 1998). Here, both parties agree that the contract is unambiguous, although, not surprisingly, they disagree about what the contract "unambiguously" states. The court finds no ambiguity in the contract.

[9] The First and Fourth District Court of Appeal in Florida articulate the standard for interpreting a provision as a condition precedent somewhat differently. The First District requires express language in the contract, *see Raban*, 13 So. 3d at 144, while the Fourth District also permits the court to interpret a provision as a condition precedent based on "necessary implication." *See In re Estate of Boyer*, 592 So. 2d at 343. Here, the court need not address the distinction because neither standard is met.

[10] Both parties were sophisticated business entities who engaged in negotiations for over a year and were free to allocate the risk of Paradise's inability to obtain a construction loan however they saw fit. The court will not interpret a contract to contain a condition precedent where, as here, the condition precedent would result in forfeiture, and the contract lacks a clear and unequivocally expressed intent of a party to assume that risk. *See Covelli Family*, 977 So. 2d at 753.

Case No: 3:08cv17/MCR

pay a tax reimbursement to Stevens within a reasonable time.[11]  *See Independent Mortgage and Finance v. Deater*, 814 So. 2d 1224, 1225 (Fla. 3rd DCA 2002).

<u>Breach of the Condominium Purchase Contracts</u>

In its second motion for summary judgment, Paradise, without addressing the summary judgment standard, asserts that Stevens is not entitled to damages or specific performance, and presents these arguments in support: (1) Paradise's breach was non-willful; thus, by the terms of the contracts, Stevens' sole remedy is termination of the contracts; (2) Stevens has failed to establish damages within a reasonable degree of certainty and (3) Stevens is not entitled to specific performance of the contracts because it is impossible for Paradise Island to perform.  The court rejects all three arguments.  The purchase contracts provide that Stevens' sole remedy for nonperformance is termination, unless Paradise's non-performance was willful.  Stevens alleges that Paradise's breach was intentional, without regard for the harm to Stevens, and thus willful.  *See Metro. Dade County v. State Dept. of Envtl. Prot.*, 714 So. 2d 512, 516-17 (Fla. 3rd DCA 1998) (interpreting "willful" to mean an act intentionally done in disregard of a known risk).  In response, Paradise claims it was unable to obtain a construction loan due to "factors beyond its control." Paradise provides no further details, however. Accordingly, there is a genuine issue of material fact as to the willfulness of Paradise's non-performance.  Because willfulness involves the state of mind of the actor, *see id.*, the determination of willfulness requires an assessment of the credibility of witnesses testifying on their own behalf, a matter ill-suited for summary judgment.  *See Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 848 (11th Cir. 2000).

Paradise argues further that Stevens has failed to establish the extent of money damages with reasonable certainty.  Damages for breach of a real estate sales contract are

---

[11] The time when payment of the tax reimbursement is due may be raised and determined on subsequent motion.  The parties entered in to the final addendum to the contract nearly five years ago.  One court faced with a contract which did not clearly state the time for payment of an obligation held a reasonable time had elapsed two years after the obligation had been formed.  *See Independent Mortgage and Finance v. Deater*, 814 So. 2d 1224, 1225 (Fla. 3rd DCA 2002). Of course, Stevens must establish proof of its increased tax liability.

equal to the difference between the contract price and the fair market value of the property on the date of the breach. *See Buschman v. Clark*, 583 So. 2d 799, 800 (Fla. 1st DCA 1991). Under Florida's certainty rule, recovery is not allowed in contract actions where the fact of damages and the extent of damages cannot be established within a reasonable degree of certainty. *Nebula Glass Intern., Inc. v. Reichhold, Inc.*, 454 F.3d 1203, 1212 (11th Cir. 2006); *see also Peer v. Lewis*, 2008 WL 2047978, at *8 (S.D. Fla. May 13, 2008). In this case, the date of the breach was December 18, 2006; thus to prove damages Stevens would need to establish the value of the condominiums approximately three years ago. Paradise argues this determination would be speculative and Stevens agrees; as Stevens notes, when damages are inadequate or uncertain, specific performance may be an appropriate remedy. *See Linkous v. Linkous*, 941 So. 2d 530, 530 (Fla. 1st DCA 2006). Thus, while Paradise's argument may be successful as to Stevens' alternative remedy of damages, it has no relevance to Stevens' preferred remedy of specific performance.

Finally, Paradise argues that specific performance of the contracts is impossible because, due to "factors beyond its control," it has not been able to build the condominium units. Stevens argues that Paradise has failed to demonstrate that performance would be impossible. Although the court has discretion to decree specific performance of a contract, *Free v. Free*, 936 So. 2d 699, 702 (Fla. 5th DCA 2006), the court will not do so unless the result of such a decree would be just and practical. *See id.*; *Castigliano v. O'Connor*, 911 So. 2d 145, 148 (Fla. 3rd DCA 2005). Clearly, it would be neither just nor practical to order Paradise to undertake an impossible task. *See Mailloux v. Briella Townhomes, LLC*, 3 So. 3d 394, 396 (Fla. Dist. Ct. App. 2009) (citing *Fla. Power Corp. v. City of Tallahassee*, 154 Fla. 638, 18 So. 2d 671, 675 (1944) (recognizing impossibility of performance as a defense to nonperformance of a contract). However, Paradise's vague reference to "factors beyond its control" does not demonstrate that specific performance of the contracts would be impossible. Thus, a genuine issue exists on the question of the impossibility of performance of the contract, and Paradise's motion for summary judgment will be denied.

**Conclusion**

Accordingly, it is ORDERED:

1. Plaintiff's Motion for Partial Summary Judgment (doc. 40) is GRANTED.

2. Defendant's Motion for Summary Judgment (doc. 43) is DENIED.

3. Defendant's Second Motion for Summary Judgment (doc. 71) is DENIED.

4. Trial will be scheduled by separate order.

**DONE and ORDERED** this 29th day of September, 2009.

    s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**